```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE CINCINNATI INSURANCE COMPANY,

                        Plaintiff,                    15-CV-6501
v.

HARLEYSVILLE INSURANCE COMPANY,
et al,                                                DECISION
                                                      and ORDER

                        Defendants.
_____
```

I.  **INTRODUCTION**

Plaintiff Cincinnati Insurance Company ("Cincinnati") brought this declaratory judgment action under the Court's diversity jurisdiction seeking interpretation of an insurance contract involving defendants Harleysville Insurance Company ("Harleysville"), University of Rochester Medical Center/Strong Medical Center ("UR" or "the Hospital"), Lechase Construction Corp., LeChase Construction Services LLC ("Lechase"), J.T. Mauro Co., Inc. ("Mauro"), and The Kimmel Company, Inc. ("Kimmel"). Cincinnati (the insurance carrier to Mauro) specifically claimed that Harleysville (the insurance carrier to Kimmel) was required to defend and provide primary insurance coverage to defendants LeChase, Mauro, and UR in a pending action in New York Supreme Court in which a Kimmel employee sought damages for injuries sustained while performing repairs to a building owned by UR.

As a result of Harleysville's refusal to defend and indemnify Mauro, LeChase and UR in the state action, Cincinnati commenced the instant federal court action on August 20, 2015 requesting, *inter*

*alia*, a determination that the Harleysville insurance contract issued to Kimmel provided additional insured status coverage to UR, LeChase, and Mauro.  On May 16, 2016, Cincinnati moved for summary judgment against Harleysville, and, on July 15, 2016, Harleysville filed a cross-motion for summary judgment requesting that the Court interpret the insurance contract in its favor.  By Decision and Order dated October 25, 2016, this Court granted in part and denied in part the parties' respective motions for summary judgment, finding that Harleysville was required to afford insurance coverage to Mauro and UR as additional insureds under its insurance policy with Kimmel but not LeChase, which the Court found did not qualify as an additional insured under the same policy.

On November 9, 2016, Cincinnati filed motions for attorney's fees and to alter judgment (Docket No. 34).  On November 21, 2016, Harleysville filed a motion for reconsideration of the Court's October 25, 2016 decision and order and a memorandum of law in opposition to Cincinnati's motion for attorney fees and to alter judgment (Docket Nos. 35 and 36).

## II. DISCUSSION

### A. Harleysville's Motion for Reconsideration

The Local Rules of Civil Procedure for the Western District of New York provide that reconsideration motions fall within the scope of Rule 59(e) of the Federal Rules of Civil Procedure. *See* L.R. Civ. P. 7(d)(3).  "Reconsideration of a court's previous order is an

'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003), quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000); *see also In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (a reconsideration motion is not an opportunity for the moving party "to reargue those issues already considered [by the Court] when a party does not like the way the original motion was resolved."). Nevertheless, "[r]econsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Id.*, citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

Here, Harleysville has failed to raise any issue that would constitute an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent a manifest injustice. Harleysville asserts that reconsideration should be granted to correct a "clear error" in the Court's October 25, 2016 holding that UR was an additional insured under the Harleysville insurance policy issued to Kimmel. There is no question that Harleysville disagrees with the Court's determination for the reasons set forth in its original summary judgment motion, which are reiterated in its present reconsideration motion. As stated

above, however, a movant is not permitted to reargue an issue that the Court has previously considered.

This Court initially reviewed and throughly considered Harleysville's reasoning in support of its contention that the Harleysville insurance policy does not confer additional insured status to UR, the owner of the subject premises. This repeated reasoning, however, continues to be unpersausive. Therefore, Harleysville's reargument of this issue in its present motion does not warrant the extraordinary remedy of reconsidering the Court's finding for the reasons set forth in its October 25, 2016 decision and order, which concluded that UR is entitled to additional insured status pursuant to the Kimmel subcontract.

**B.   Cincinnati's Motion to Alter Judgment**

With respect to Cincinnati's motion to alter judgment under Rule 59(e), Cincinnati again attempts to reiterate an argument that was raised in its original motion for summary judgment and previously considered by this Court. As such, the Court declines to entertain Cincinnati's request for reconsideration of the Court's previous finding that Lechase was not entitled to additional insured status under the Harleysville policy by the language in the Kimmel subcontract and finds no ground raised in Cincinnati's motion sufficient to compel alteration of the Court's judgment.

**C.   Cincinnati's Motion for Attorney Fees**

In support of Cincinnati's request for attorney fees and costs incurred in the underlying state court action, it has submitted the attorney affirmation of Patrick B. Nylon, Esq. with attached invoices and a copy of defendants' answer to the amended complaint filed in Monroe County Supreme Court.  Mr. Nylon affirms that the total fees and costs billed and paid by Cincinnati in that action amounts to $29,938.45.  Harleysville opposes the request for fees and costs as set forth in Mr. Nylon's affirmation, contending that Cincinnati has failed to establish that its defense of the three defendants in the underlying action was so inextricably intertwined such that Cincinnati should be entitled to reimbursement for the full $29,938.45.  The Court, however, finds that Cincinnati is entitled to an award for the full amount of fees incurred in the defense of all three defendants in the underlying state court action.

Where, as here, an insurer (Harleysville) wrongfully refuses to provide defense to its insured, the insurer is liable for reasonable attorney fees and the necessary expenses incurred for the defense.  *See U.S. Underwriters Ins. Co. v. Weatherization, Inc.*, 21 F.Supp.2d 318, 327 (S.D.N.Y. 1998).  Despite the Court's finding that Lechase was not entitled to additional insured status under the Harleysville insurance policy, Cincinnati is entitled to an award of the total amount of fees and costs related to the

inextricably intertwined defense of all three defendants. "Where the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or are based on related legal theories, it is not an abuse of discretion for the court to award the entire fee." *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996)(internal quotation marks omitted).

The Court notes that "[a] fee applicant bears the burden of adequately documenting the request, including the hours expended and the hourly rate applied to those hours." *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). Fee awards must be supported by a sufficiently detailed record that sets forth an adequate basis for calculating the requested award. The invoices submitted by Cincinnati reveal that the billings submitted for the time spent, the rates charged, and the work performed by Mr. Nylon at the request of Cincinnati for his representation of all three defendants was so intertwined that the billings could not be separated. These documents sufficiently support an adequate basis for payment of the requested fee.

In his affirmation, Mr. Nylon stated that he was retained by Cincinnati to undertake the defense of the three defendants in the underlying state court lawsuit. He attached copies of the invoices submitted to Cincinnati for his firm's singular representation of

defendants in the underlying action.  Therefore, Cincinnati's submissions are sufficient to provide an adequate record from which the Court can determine that a separate fee award based on the defense of Mauro and UR alone would require an impractical attempt to parcel out costs that are undisputedly related to the defense which benefitted all three defendants in the underlying lawsuit. Consequently, the Court finds that Cincinnati has met its burden of setting forth an adequate basis for its claim that the defense of all three defendants was so intertwined as to preclude separate billing for each defendant.  Cincinnati's motion for an award of attorney fees incurred in the underlying state action is thereby granted.

**III. <u>Conclusion</u>**

For the foregoing reasons, Cincinnati's motion to alter judgment (Docket No. 34) and Harleysville's motion for reconsideration (Docket No. 35) are denied with prejudice. Cincinnati's motion for attorney fees in the amount of $29,938.45 (also Docket No. 34) is granted for the reasons stated above.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 23, 2017